IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM WALLER, ) | CIV- F-06-1750 AWI TAG |
| ) | |
| Plaintiff, ) | ORDER CLOSING THE CASE |
| ) | DUE TO VOLUNTARY |
| v. ) | DISMISSAL WITHOUT |
| ) | PREJUDICE AND DENYING |
| CHRIS PERSING, et. al., ) | DEFENDANTS'S MOTION TO |
| ) | DISMISS AS MOOT |
| Defendants. ) | |
| _____ ) | |

On February 5, 2007, Plaintiff a motion filed a request to dismiss his complaint without prejudice. The Court construes this motion as a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

In *Wilson v. City of San Jose*, the Ninth Circuit explained:

> Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-

<u>Harris Funeral Home</u>, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal leaves the parties as though no action had been brought. <u>Id.</u> <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997).

No answers to Plaintiff's complaint and no motions for summary judgment have been filed in this case and it appears that no such answers or summary judgment motions have been served. Although Defendants have filed a Rule 12(b)(6) motion to dismiss, a motion to dismiss is neither an answer nor a motion for summary judgment and will not affect a Plaintiff's right to voluntarily dismiss his complaint under Rule 41(a)(1)(i) unless the Court takes some action to convert the Rule 12(b)(6) motion into one for summary judgment. See <u>Swedberg v. Marotzke</u>, 339 F.3d 1139, 1142-46 (9th Cir. 2003). The Court has not acted to convert the Rule 12(b)(6) motion. Because Plaintiff has exercised his right to voluntarily dismiss his complaint with prejudice under Rule 41(a)(1), this case has terminated. See <u>Wilson</u>, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that:

1. The Clerk is ordered to close this case in light of Plaintiff's Rule 41(a)(1)(i) Dismissal; and

2. Defendants' pending motion to dismiss is DENIED as moot.

IT IS SO ORDERED.

**Dated:    February 8, 2007**            /s/ Anthony W. Ishii
0m8i78                                           UNITED STATES DISTRICT JUDGE