IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **WILLIAM WALER,** | ) CIV F 06-1750  AWI TAG |
|  | ) |
| **Plaintiff**, | ) **ORDER ON DEFENDANTS'S** |
| v. | ) **MOTION FOR ATTORNEY'S** |
|  | ) **FEES FOLLOWING** |
| **CHRIS PERSING, DOLORES** | ) **PLAINTIFF'S VOLUNTARY** |
| **HOLDER, and SUSIE LAIVO,** | ) **DISMISSAL OF CASE** |
|  | ) |
| **Defendants.** | ) |
|  | ) |

Plaintiff voluntarily dismissed his suit without prejudice on February 5, 2007, under Federal Rule of Civil Procedure 41(a)(1)(i).  Defendants now move for an award of attorney's fees pursuant to 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA") and Local Rule 54-293(a).  For the reasons that follow, Defendants's motion will be denied.

## BACKGROUND

Plaintiff filed suit against Defendants in this Court on December 5, 2006.  See Court's Docket Doc. No. 2.  The complaint alleged violations of the ADA.  See id.  On January 16, 2007, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim.  See Court's Docket Doc. No. 9.  On February 5, 2007, Plaintiff filed a motion to dismiss his claim without prejudice.  See Court's Docket Doc. No. 14.  On February 9, 2007, the Court acknowledged Plaintiff's motion, construed it as a Rule 41(a)(1)(i) voluntary dismissal, noted that no answers or motions for summary judgment had been either filed or served, acknowledged that dismissal of the suit was automatic, and ordered the Clerk to close the case in light of Plaintiffs's automatic voluntary dismissal without prejudice.  See Court's Docket Doc. No. 15.

On March 7, 2007, Defendants filed this motion for award of attorney's fees. Plaintiff has filed no opposition to the motion.

### DEFENDANTS'S MOTION

Defendants argue that, by virtue of the fact that Plaintiff voluntarily dismissed his case after Defendants filed their motion to dismiss, Defendants must be considered the prevailing party. Under 42 U.S.C. § 12205, a court has the discretion to award attorney's fees to a prevailing party. Under Local Rule 54-293(a), motions for attorney's fees to prevailing parties pursuant to a statute are to be filed not later than thirty days after entry of final judgment. Since Defendants are the prevailing parties, attorney's fees of $5,500 are appropriate.

The award of fees is also justified because Plaintiff filed a similar suit in state court and then voluntarily dismissed the suit after Defendants filed a demurrer based on uncertainty and lack of jurisdiction. Plaintiff is thus engaging in a pattern of abusing the judicial process.

### DISCUSSION

A court has the discretion to award attorney's fees to prevailing parties in ADA lawsuits. See 42 U.S.C. § 12205.[1] Assuming without deciding that Defendants's are the prevailing party, Defendants have not established that an award of attorney's fees is proper.

The attorney's fees framework of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) applies to 42 U.S.C. § 12205. "Attorney's fees under § 12205 should be awarded to a prevailing defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation." Brown v. Lucky Stores, 246 F.3d 1182, 1190 (9th Cir. 2001); Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1154 (9th Cir. 1997). Under the *Christiansburg* framework, attorney's fees for prevailing defendants are "presumptively unavailable" unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise

---

[1] 42 U.S.C. § 12205 in its entirety reads: "In any action or administrative proceeding commenced pursuant to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual."

without merit. Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001). "The burden upon a prevailing defendant to justify an award of fees is, therefore, significantly greater than that on a prevailing plaintiff." Sobel v. Yeshiva University, 619 F.Supp. 839, 843 (S.D. N.Y. 1985).

    Here, there is no discussion of whether Plaintiff's complaint was frivolous or without merit. Defendant's do state that Plaintiff filed a similar complaint in state court and then voluntarily dismissed the suit following the filing of a demurrer. However, Defendants indicate that the demurrer was based in part on a lack of jurisdiction. There can be no dispute that this Court has federal question jurisdiction over ADA claims. See 28 U.S.C. § 1331. If Plaintiff was concerned about subject matter jurisdiction, filing in this Court was appropriate. Defendants have not sufficiently shown a vexatious suit. Defendants essentially rely on the fact of a voluntary dismissal of this suit and a prior dismissal of a similar state lawsuit, but this does not sufficiently justify attorney's fees under 42 U.S.C. § 12205. Since attorney's fees for prevailing defendants in ADA cases are "presumptively unavailable," and since Defendants have not sufficiently shown nor argued that Plaintiff's suit was vexatious, frivolous, or meritless, Defendants have not met their burden of showing entitlement to attorney's fees under 42 U.S.C. § 12205. See Christiansburg, 434 U.S. at 421; Brown, 246 F.3d at 1190; Dean, 240 F.3d at 508.

    Accordingly, IT IS HEREBY ORDERED that Defendants's motion for attorney's fees following plaintiff's voluntary dismissal is DENIED.

IT IS SO ORDERED.

**Dated:   April 4, 2007**              **/s/ Anthony W. Ishii**
0m8i78                              UNITED STATES DISTRICT JUDGE